JAMES H. SHACKLEFORD *vs.* GEORGE FRANKS.

The statute of the State, which declares that "all bonds, &c., for the payment of money or other things, may be assigned by indorsement," and such assignment vests the legal title in the assignee, and empowers him to sue as such in

Shackleford *v.* Franks.

his own name, was not intended to include bonds conditioned for the performance of any service, duty, or act, which is not the payment of money or property.

The bond, in this case, being conditioned for the performance of an act or service, was not, therefore, within the meaning of the statute, assignable. *Held*, that the party not having acquired the legal title to the bond, could not sue on it in his own name.

In error from the circuit court of Chickasaw county; Hon. John Watts, judge.

On the 30th of April, 1849, the plaintiff in error, with one Daniel Brady, executed to J. Myrick & Co. a writing, obligatory in the words and figures as follows, to wit:—

" Know all men by these presents, that we, Daniel Brady and James H. Shackleford, of Chickasaw county, Mississippi, are held, and by these presents stand firmly bound, to J. Myrick & Co., of Prairie Mount, in said county and State, in the penal sum of two hundred and forty dollars, lawful money of the United States, to be paid to the said J. Myrick & Co., their executors, administrators, or assigns, to which payment, well and truly to be made, we bind ourselves jointly and severally, and our and each of our heirs, executors, and administrators, firmly by these presents.   Sealed with our seals, and dated, &c.

" The condition of the above obligation is such, that the above named Brady has made one cistern in the town of Prairie Mount, for the said J. Myrick & Co., for the sum of one hundred and twenty," (meaning $120, as averred in pleading,) " which cistern the above parties insure to last and perform well, for the term of twelve months from this date.   Now, if said cistern does perform as above named, then this obligation to be null and void, otherwise remain in full force and virtue.

April 1, 1849.            { DANIEL BRADY,          (seal.)
                          { JAS. H. SHACKLEFORD, (seal.)

Attest, LITTLEBURY GILLIAM."

The above instrument, on the 3d of March, 1850, was duly assigned over to the plaintiff below, who, on   . of         , 1850, instituted his action in the circuit court of Chickasaw

Shackleford *v.* Franks.

county, in his own name, against the defendant below, Shackleford.

The declaration set out the above instrument, averred an assignment to plaintiff below, and non-performance of the cistern according to contract.

The defendant below, Shackleford, by his attorney, filed his demurrer, which was overruled by the court, and the defendant failing to plead over, judgment was rendered for the plaintiff.

*Baldwin* and *Harrison*, for appellant.

The instrument set forth in the pleading was not negotiable at the common law. This is beyond doubt; and that it is not made so by our statute, I think is equally clear. The statute has not, in this respect, received a judicial construction, and the question raised in this case is a new one. The terms of the statute (Hutch. Code, 640) are, " all bonds, &c., for the payment of money or other things, shall and may be assignable." The object of the statute was to give a negotiable character to certain instruments, which did not then possess that quality. Does it extend to all contracts, or is it confined to instruments for the payment of money, &c., absolutely? Is the bond now sued on for the payment of money? Clearly not. Its only object is to secure the faithful performance of the cistern. The penalty of the bond is not the measure of the damages, but the loss actually sustained. If the statute extends to this case, then it must reach every contract. The policy of the law is, to discourage litigation; but if every contract be clothed with a negotiable character, a more fruitful field could not be opened.

If the bond sued on does not possess a negotiable character, then, the legal title not being in the plaintiff below, at the institution of the action, the judgment must be reversed. *Bacon* v. *Cohea*, 12 S. & M. 516.

*Greenwood* and *Thornton*, for appellee.

The instrument sued on is certainly a bond for the payment of money. The fact that the money was payable only conditionally, does not exclude it from the operation of the statute, (Hutch. Code, 640). The terms of our statute are broad

enough to include all such instruments as the one sued on in this action, and in this case, the very nature of the transaction shows the propriety of allowing the assignment. The plaintiff below having purchased the cistern, was justly entitled to the benefit of the contract, that it should perform well. In reference to the construction of statutes, see 1 Black. Comm. 40.

The objection raised to assignment of the instrument is not valid, because, by the contract itself, it is made assignable. The money is made payable to the obligees or their assignees. This certainly authorized the assignee to sue in his own name. 4 Wend. 414.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was an action of debt, brought against the plaintiff in error, in the circuit court of Chickasaw county, on a bond with the following condition, to wit: — " The above named Brady has made one cistern in the town of Prairie Mount, for the said J. Myrick & Co., for the sum of one hundred and twenty dollars; which cistern the above parties insure to last for the term of twelve months from this date. Now, if said cistern does perform as above named, then this obligation to be null and void, otherwise to remain in full force." The bond was assigned by Myrick & Co. to George Franks, the defendant in error, who declared thereon in his own name as assignee.

The demurrer filed in the court below, and which was overruled, raises the only question in the case.

That question is, whether the bond declared on is assignable or not under the statute.

The statute directs, that all bonds, &c., for the payment of money or any other things, may be assigned by indorsement; and such assignment vests the legal title in the assignee, and empowers him to sue as such in his own name.

The condition of the bond under consideration contains the single stipulation, that the cistern, constructed by the obligor, Brady, shall last for the term of twelve months from date. That was not a contract for the payment, either conditionally or absolutely, of money or any other thing.

Does a bond conditioned for the performance of any service,

duty, or act, which is not the payment of money or property, come within the provisions of the statute? This question has never been settled by any adjudication of this court; but by a reference to the decisions of the States of Virginia and Kentucky, made upon statutes similar to our own, we will be enabled to come to a satisfactory conclusion.

In *Craig* v. *Craig*, 1 Call, R. 420, it was held by the court of appeals of Virginia, that a bond not being for the payment of money or tobacco, but with a condition for the performance of covenants, was not assignable under the statute existing at the time of its execution. In *Henderson* v. *Hepburn*, 2 Call, R. 232, it was decided by the same court, that a bond with collateral conditions was not assignable. And in *Lewis* v. *Harwood,* 6 Cranch, 83, it was holden, that bonds, in actions on which it would be necessary to assign breaches, damages on which were to be assigned by a jury, were not assignable under the statute. These decisions were made upon the statute of Virginia, passed in 1748, by which bonds conditioned for the payment of money or tobacco were made assignable.

In the State of Kentucky, under a statute not less comprehensive than our own, it has been uniformly held by the courts, that contracts which stipulate for personal services, or for the performance of any act which is not the payment of money or property, are not assignable. 1 J. J. Marsh. R. 454; 5 Ib. 42; *Force* v. *Thomason*, 2 Litt. 167; *Halbert* v. *Deering*, 4 Ib. 9; *Craig* v. *Miller*, 3 Bibb, 441; 2 Ib. 233.

We are disposed to adopt a similar construction in regard to our own statute.

The bond under consideration, as we have above seen, not being conditioned for the payment of money or any other thing, but for the performance of an act or service which was neither, was not, therefore, within the meaning of the statute, assignable. Hence, the defendant in error not having acquired the legal title to the bond, could not sue upon it in his own name. The court, therefore, erred in overruling the demurrer.

Judgment reversed, and judgment final for plaintiff in error in this court.